No. 15-1381

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

NORTH DAKOTA,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

*Respondent*.

---

On Petition for Review of Final Action of the
United States Environmental Protection Agency

---

# UNOPPOSED MOTION OF AMERICAN LUNG ASSOCIATION, CENTER FOR BIOLOGICAL DIVERSITY, CLEAN AIR COUNCIL, CLEAN WISCONSIN, CONSERVATION LAW FOUNDATION, ENVIRONMENTAL DEFENSE FUND, NATURAL RESOURCES DEFENSE COUNCIL, OHIO ENVIRONMENTAL COUNCIL, AND SIERRA CLUB FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT

Sean H. Donahue
Donahue & Goldberg, LLP
1130 Connecticut Avenue NW,
Suite 950
Washington, D.C. 20036
(202) 277-7085
sean@donahuegoldberg.com
*Counsel for Environmental Defense Fund*

David Doniger
Benjamin Longstreth
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 513-6256
ddoniger@nrdc.org
blongstreth@nrdc.org
*Counsel for Natural Resources Defense Council*

Additional Counsel Listed on Next Page

October 27, 2015

Tomás Carbonell
Vickie Patton
Martha Roberts
Peter Zalzal
Environmental Defense Fund
1875 Connecticut Avenue NW,
Suite 600
Washington, D.C. 20009
(202) 572-3610
tcarbonell@edf.org
vpatton@edf.org
mroberts@edf.org
pzalzal@edf.org
*Counsel for Environmental Defense Fund*

Joanne Spalding
Andres Restrepo
Alejandra Núñez
Sierra Club
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5725
joanne.spalding@sierraclub.org
andres.restrepo@sierraclub.org
alejandra.nunez@sierraclub.org
*Counsel for Sierra Club*

Ann Brewster Weeks
James P. Duffy
Clean Air Task Force
18 Tremont Street, Suite 530
Boston, MA 02108
(617) 624-0234, ext. 156
aweeks@catf.us
jduffy@catf.us
*Counsel for American Lung Association, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, and Ohio Environmental Council*

Howard I. Fox
David S. Baron
Timothy D. Ballo
Earthjustice
1625 Massachusetts Avenue NW,
Suite 702
Washington, D.C. 20036
(202) 667-4500
hfox@earthjustice.org
dbaron@earthjustice.org
tballo@earthjustice.org
*Counsel for Sierra Club*

Vera P. Pardee
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 632-5317
vpardee@biologicaldiversity.org
*Counsel for Center for Biological Diversity*

Not-for-profit environmental and public health advocacy organizations American Lung Association, Center for Biological Diversity, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, Environmental Defense Fund, Natural Resources Defense Council, Ohio Environmental Council, and Sierra Club (collectively, the "Organizations") move to intervene in support of respondent Environmental Protection Agency in the above-captioned petition challenging EPA's carbon-pollution standards for new, modified, and reconstructed power plants (the "New Source Standards" or "Standards"). *See* 80 Fed. Reg. 64,510 (Oct. 23, 2015); Fed. R. App. P. 15(d).

EPA has indicated that it consents to this motion, and petitioner has indicated that it takes "no position at this time." Pursuant to D.C. Circuit Rule 15(b), this constitutes a motion to intervene in all cases concerning the New Source Standards.

## INTRODUCTION

The New Source Standards, issued under Clean Air Act section 111(b), 42 U.S.C. § 7411(b), will limit carbon dioxide ("$CO_2$") pollution from new, modified, and reconstructed power plants for the first time in U.S. history. *See* 80 Fed. Reg. at 64,510. They are an important component of EPA's effort to curb the rise in levels of atmospheric $CO_2$ and destructive global climate change, meant to ensure that covered plants "will use the best performing

technologies to limit emissions of $CO_2$." *Id.* at 64,647; *see also id.* at 64,517–22 (surveying the impacts of greenhouse gas pollution and climate change on public health and welfare). On October 23, 2015, North Dakota petitioned for review of the Standards. *See* Oct. 23 Pet. for Review at 1–2.

The Organizations seek to defend and assure prompt implementation of the Standards. Their motion is timely, *see* Fed. R. App. P. 15(d) (allowing thirty days after the filing of a petition to move for intervention), and their participation will not delay these proceedings or prejudice any party.

**STATEMENT OF INTERESTS AND GROUNDS FOR INTERVENTION**

Federal Rule of Appellate Procedure 15(d) "requires the intervenor to file a motion setting forth its interest and the grounds on which intervention is sought." *Synovus Fin. Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991).

The Organizations are committed to protecting their members and others from the effects of dangerous air pollution from power plants, including climate change and other harms to public health and welfare.[1] This Court

[1] *See, e.g.*, Ex. A, Decl. of Harold Wimmer (American Lung Association) ¶¶ 3, 7–10; Ex. B, Decl. of Kassia R. Siegel (Center for Biological Diversity) ¶¶ 2–6; Ex. C, Decl. of Joseph O. Minott (Clean Air Council) ¶¶ 3–5; Ex. D, Decl. of Keith A. Reopelle (Clean Wisconsin) ¶¶ 3–6; Ex. E, Decl. of Douglas I. Foy (Conservation Law Foundation) ¶¶ 3–6; Ex. F, Decl. of Sara Molyneaux (Conservation Law Foundation) ¶¶ 3–6; Ex. G, Decl. of John Stith

allowed several of the Organizations to intervene in the premature challenges to EPA's $CO_2$ emissions guidelines for existing sources in *In re West Virginia*, D.C. Cir. No. 15-1277, *In re Peabody Energy Corp.*, D.C. Cir. No. 15-1284, and *In re Murray Energy Corp.*, D.C. Cir. No. 14-1112. This Court has also regularly allowed the movant Organizations to intervene in challenges to EPA Clean Air Act regulations that address greenhouse gas pollution and climate change.[2] The Court's practice of granting intervention in such cases recognizes that groups like the Organizations have a right to intervene and defend government actions that protect their concrete interests, and that such groups can offer a distinct perspective on those actions.

The Organizations have significant interests in reducing $CO_2$ and other dangerous air pollution from power plants, to protect the health, welfare, economic, recreational, and aesthetic interests of their members.[3] EPA has

---

(Environmental Defense Fund) ¶¶ 3–6; Ex. H, Decl. of Gina Trujillo (Natural Resources Defense Council) ¶¶ 5–7; Ex. I, Decl. of Heather Taylor-Miesle (Ohio Environmental Council) ¶¶ 2–4, 6, 8–10, 13–18; Ex. J, Decl. of Mary Anne Hitt ¶¶ 3, 5–6, 9–12 (Sierra Club).

[2] *See, e.g.*, *West Virginia v. EPA*, D.C. Cir. No. 14-1146; *In re Murray Energy Corp.*, D.C. Cir. No. 14-1112; *Plant Oil Powered Diesel Fuel Sys., Inc. v. EPA*, D.C. Cir. No. 12-1428; *Perry v. EPA*, D.C. Cir. No. 11-1128 (consolidated with *Texas v. EPA*, D.C. Cir. No. 10-1425); *Las Brisas Energy Ctr., LLC v. EPA, et al.*, D.C. Cir. No. 12-1248; *Southeastern Legal Found. v. EPA*, D.C. Cir. No. 10-1131; and *Coal. for Responsible Regulation, Inc. v. EPA*, D.C. Cir. No. 10-1073.

[3] *See, e.g.*, Ex. B, Siegel Decl. ¶¶ 3–13; Ex. C, Minott Decl. ¶¶ 7–12, 16–22; Ex. D, Reopelle Decl. ¶¶ 4–19; Ex. E, Foy Decl. ¶¶ 4, 6–10, 13–17; Ex. F,

determined that emissions of greenhouse gases including $CO_2$ threaten public health and welfare. *See* Endangerment Finding, 74 Fed. Reg. 66,496, 66,497–98 (Dec. 15, 2009); *see also Coal. for Responsible Regulation, Inc. v. EPA*, 684 F.3d 102, 117–26 (D.C. Cir. 2012), *aff'd in part, rev'd in part on other grounds*, *Utility Air Regulatory Grp. v. EPA*, 134 S. Ct. 2427 (2014) (upholding Endangerment Finding); 80 Fed. Reg. at 64,517–20 (concluding that more recent scientific assessments confirm the Endangerment Finding).

Power plants are responsible for approximately forty percent of the nation's anthropogenic $CO_2$ emissions—more than any other type of air-pollution source.[4] Emissions of $CO_2$ from power plants contribute to climate change for as long as they remain and accumulate in the atmosphere—up to several centuries after their release. 74 Fed. Reg. at 66,518–19; *see also* 80 Fed.

---

Molyneaux Decl. ¶¶ 4, 6–10, 13–19; Ex. H, Trujillo Decl. ¶¶ 5–7; Ex. R, Decl. of Jane Reardon (American Lung Association) ¶¶ 2–3, 6–9, 11–15, 17–19; Ex. K, Decl. of Jenny E. Ross (Center for Biological Diversity) ¶¶ 3, 5, 10–34; Ex. L, Decl. of Art Cooley (Environmental Defense Fund) ¶¶ 1, 12–13, 15; Ex. M, Decl. of Denise Fort (Environmental Defense Fund) ¶¶ 1, 10–15; Ex. N, Decl. of Marilynn Marsh-Robinson (Environmental Defense Fund) ¶¶ 1, 5, 9–10, 12–13; Ex. O, Decl. of Elizabeth Coplon (Natural Resources Defense Council) ¶¶ 4–6; Ex. P, Decl. of Joanne Pannone (Sierra Club) ¶¶ 3, 5–21; Ex. Q, Decl. of Barbara Campbell (Sierra Club) ¶¶ 3–9, 11–12, 17; Ex. S, Decl. of Dolores V. Leonard (Sierra Club) ¶¶ 4–5, 10–20.

[4] *See* EPA, EPA 430-R-14-003, *Inventory of U.S. Greenhouse Gas Emissions and Sinks: 1990-2012*, at 2-4 tbl. 2-1 (2014), *available at* http://www3.epa.gov/climatechange/Downloads/ghgemissions/US-GHG-Inventory-2014-Main-Text.pdf (38% of total 2012 emissions attributable to Electricity Generation, a subcategory of Fossil Fuel Combustion).

Reg. at 64,518. The New Source Standards will help to curb the growth of atmospheric $CO_2$ concentrations and the associated threats that climate change poses to the Organizations' members.[5]

The Organizations have spent years advocating for federal control of $CO_2$ pollution and were core participants in the administrative processes and litigation that led to EPA's issuance of the New Source Standards. Several of the Organizations were petitioners in *Massachusetts v. EPA*, in which the Supreme Court held that greenhouse gases are air pollutants subject to regulation under the Clean Air Act. *See* 549 U.S. 497, 532 (2007). Several of the Organizations also challenged EPA's refusal in 2006 to set standards for $CO_2$ pollution from power plants; this Court remanded to EPA for action consistent with *Massachusetts*. *See New York v. EPA*, D.C. Cir. No. 06-1322, Order (Sept. 24, 2007). And most of the Organizations participated in EPA's subsequent administrative development of the New Source Standards.[6]

---

[5] *See, e.g.*, Ex. C, Minott Decl. ¶¶ 13–15, 23; Ex. D, Reopelle Decl. ¶¶ 14–19; Ex. E, Foy Decl. ¶¶ 11–17; Ex. F, Molyneaux Decl. ¶¶ 6–19; Ex. K, Ross Decl. ¶¶ 3–5, 10–34; Ex. L, Cooley Decl. ¶¶ 12–13, 15; Ex. M, Fort Decl. ¶¶ 8–15; Ex. N, Marsh-Robinson Decl. ¶¶ 12–13; Ex. O, Coplon Decl. ¶¶ 4–6; Ex. P, Pannone Decl. ¶¶ 6–18, 20–21; Ex. Q, Campbell Decl. ¶¶ 5, 10; Ex. R, Reardon Decl. ¶¶ 9–20; Ex. S, Leonard Decl. ¶¶ 8–9, 15.

[6] *See, e.g.*, EPA Docket ID Nos. EPA-HQ-OAR-2013-0495-9514 (Natural Resources Defense Council, Environmental Defense Fund, Sierra Club, and others); EPA-HQ-OAR-2013-0495-9513 (Sierra Club); EPA-HQ-OAR-2013-0495-10119 (Center for Biological Diversity); EPA-HQ-OAR-2013-0495-10693

The Organizations' persistent advocacy in support of federal $CO_2$ emissions standards for new power plants underscores their interests in defending the Standards. So does their advocacy in support of EPA's concurrently issued $CO_2$ emissions guidelines for existing plants (the "Clean Power Plan," 80 Fed. Reg. 64,662 (Oct. 23, 2015)), which will lead to significant reductions in emissions of greenhouse gases and other harmful pollutants: Counsel for some Clean Power Plan challengers have taken the position that if the Standards are invalidated, the guidelines must be set aside.[7]

The Organizations also have Article III standing. Petitioners seek invalidation of the New Source Standards. That outcome would injure the Organizations, which work to curb the harmful effects of climate change, *supra* 2–3, and their members, who use, own, and enjoy property and natural

---

(American Lung Association); EPA-HQ-OAR-2013-0495-11184, at 165–71 (Clean Air Council); and EPA-HQ-OAR-2013-0495-10106 (Clean Wisconsin). Thousands of individual members of the Organizations submitted comments.

[7] *See, e.g.*, *EPA's $CO_2$ Regulations for New and Existing Power Plants: Legal Perspectives: Hearing Before the Subcomm. on Energy and Power of the U.S. House Comm. on Energy and Commerce*, 114th Cong. 3 (Oct. 22, 2015) (testimony of Allison Wood, Partner, Hunton & Williams LLP), *available at* http://docs.house.gov/meetings/IF/IF03/20151022/104065/HHRG-114-IF03-Wstate-WoodA-20151022.pdf ("[I]f the final regulations for [new] power plants are overturned by a court, the foundation for EPA's section 111(d) rule regulating existing power plants would disappear."); Oct. 23 Pet. for Review and Mot. for Stay, *Util. Air. Reg. Grp. et al. v. EPA*, Case No. 15-1370 (identifying Wood and Hunton & Williams as lead counsel for Petitioners Utility Air Regulatory Group, et al.).

resources that are harmed and threatened by climate change.[8] Some members suffer from climate-change-related illnesses.[9]

Invalidation of the New Source Standards would negate the Standards' climate-protection benefits and exacerbate climate change's threats to the health of the Organizations' members, and to the use and enjoyment of their property and natural resources. This is sufficient to establish injury, for standing purposes. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181–85 (2000) (disrupted enjoyment of natural resources and decreased property values due to pollution concerns are injuries in fact); *Sierra Club v. EPA*, 129 F.3d 137, 139 (D.C. Cir. 1997) (organization had standing to challenge delay in implementation of pollution-control measures that would benefit its members).

Invalidation of the New Source Standards would also negate their health-protection benefits, further injuring the Organizations, which work to protect public health, and their members. The Organizations' members suffer

---

[8] *See, e.g.*, Ex. C, Minott Decl. ¶¶ 7–12, 17–23; Ex. D, Reopelle Decl. ¶¶ 14–18; Ex. E, Foy Decl. ¶¶ 6–10, 13–17; Ex. F, Molyneaux Decl. ¶¶ 13–18; Ex. K, Ross Decl. ¶¶ 3, 5, 10–34; Ex. L, Cooley Decl. ¶¶ 10–15; Ex. M, Fort Decl. ¶¶ 5, 11–13; Ex. N, Marsh-Robinson Decl. ¶¶ 5, 10; Ex. O, Coplon Decl. ¶ 4; Ex. P, Pannone Decl. ¶¶ 5–16; Ex. Q, Campbell Decl. ¶¶ 3–5, 10–11, 17; Ex. R, Reardon Decl. ¶¶ 6–19; Ex. S, Leonard Decl. ¶¶ 2, 8, 15.

[9] *See, e.g.*, Ex. C, Minott Decl. ¶ 21; Ex. I, Taylor-Miesle Decl. ¶¶ 4–18; Ex. Q, Campbell Decl. ¶ 7; Ex. R, Reardon Decl. ¶ 18.

from, and have family members who suffer from, conditions such as asthma, chronic obstructive pulmonary disease, and other respiratory ailments, which are exacerbated by the effects of climate change.[10] *See* 80 Fed. Reg. at 64,517–18. Some of these conditions are also exacerbated by emissions of pollutants other than $CO_2$, which should be reduced at new power plants under the Standards.[11] The Organizations also have members in low-income communities and communities of color, which are disproportionately affected by environmental harms including air pollution and climate change.[12] *See id.* at 64,519. This Court has held repeatedly that environmental organizations have standing to sue to protect their members from pollution that threatens and concerns those members. *See, e.g.*, *Nat. Res. Def. Council v. EPA*, 755 F.3d 1010, 1016–17 (D.C. Cir. 2014); *Ass'n of Battery Recyclers, Inc. v. EPA*, 716 F.3d 667, 672–73 (D.C. Cir. 2013).

---

[10] *See, e.g.*, Ex. C, Minott Decl. ¶¶ 19–21; Ex. F, Molyneaux Decl. ¶ 16; Ex. L, Cooley Decl. ¶ 13; Ex. M, Fort Decl. ¶ 11; Ex. N, Marsh-Robinson Decl. ¶ 10; Ex. P, Pannone Decl. ¶ 6; Ex. Q, Campbell Decl. ¶ 7; Ex. R., Reardon Decl. ¶¶ 17–18; Ex. S, Leonard Decl. ¶¶ 11, 14–15.

[11] *Cf.* 80 Fed. Reg. at 64,914 (discussing emissions of fine particles, sulfur dioxide, nitrogen oxides, and other pollutants from existing power plants that threaten human health and that should fall as those plants' greenhouse gas emissions are controlled); *see also, e.g.*, Ex. Q, Campbell Decl. ¶¶ 5, 7, 14–15; Ex. R, Reardon Decl. ¶¶ 6–9, 10–11; Ex. S, Leonard Decl. ¶¶ 10, 16, 18.

[12] *See, e.g.*, Ex. S, Leonard Decl. ¶¶ 2–4, 7–15, 19.

Because the Organizations' and their members' "injur[ies] suffice[] for standing purposes," causation and redressability "rationally follow[]." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 316 (D.C. Cir. 2015) (movant had standing to intervene and defend challenge to an agency decision favorable to its interests, because invalidation of that decision would expose it to harm). The injuries described above are "directly traceable," *see id.*, to the outcome of this proceeding and redressable by a decision of this Court denying Petitioners' requested relief.

## CONCLUSION

For the reasons above, the Court should grant the Organizations leave to intervene in support of respondent EPA.

Respectfully submitted,

/s/ Benjamin Longstreth (by consent)

Sean H. Donahue
Donahue & Goldberg, LLP
1130 Connecticut Avenue NW,
Suite 950
Washington, D.C. 20036
(202) 277-7085
sean@donahuegoldberg.com
*Counsel for Environmental Defense Fund*

Benjamin Longstreth
David Doniger
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 513-6256
ddoniger@nrdc.org
blongstreth@nrdc.org
*Counsel for Natural Resources Defense Council*

Tomás Carbonell
Vickie Patton
Martha Roberts
Peter Zalzal
Environmental Defense Fund
1875 Connecticut Avenue NW,
Suite 600
Washington, D.C. 20009
(202) 572-3610
tcarbonell@edf.org
vpatton@edf.org
mroberts@edf.org
pzalzal@edf.org
*Counsel for Environmental Defense Fund*

Joanne Spalding
Andres Restrepo
Alejandra Núñez
Sierra Club
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5725
joanne.spalding@sierraclub.org
andres.restrepo@sierraclub.org
alejandra.nunez@sierraclub.org
*Counsel for Sierra Club*

Ann Brewster Weeks
James P. Duffy
Clean Air Task Force
18 Tremont Street, Suite 530
Boston, MA 02108
(617) 624-0234, ext. 156
aweeks@catf.us
jduffy@catf.us
*Counsel for American Lung Association, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, and Ohio Environmental Council*

Howard I. Fox
David S. Baron
Timothy D. Ballo
Earthjustice
1625 Massachusetts Avenue NW,
Suite 702
Washington, D.C. 20036
(202) 667-4500
hfox@earthjustice.org
dbaron@earthjustice.org
tballo@earthjustice.org
*Counsel for Sierra Club*

Vera P. Pardee
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 632-5317
vpardee@biologicaldiversity.org
*Counsel for Center for Biological Diversity*

Dated: October 27, 2015

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2015, the foregoing UNOPPOSED MOTION OF AMERICAN LUNG ASSOCIATION, CENTER FOR BIOLOGICAL DIVERSITY, CLEAN AIR COUNCIL, CLEAN WISCONSIN, CONSERVATION LAW FOUNDATION, ENVIRONMENTAL DEFENSE FUND, NATURAL RESOURCES DEFENSE COUNCIL, OHIO ENVIRONMENTAL COUNCIL, AND SIERRA CLUB FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT, associated declarations, and RULE 26.1 DISCLOSURE STATEMENT were served on counsel of record for EPA and Petitioner in Case No. 15-1381 using the Court's ECF system.

/s/ Benjamin Longstreth

Dated: October 27, 2015

No. 15-1381

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

NORTH DAKOTA,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

*Respondent*.

---

On Petition for Review of Final Action of the
United States Environmental Protection Agency

---

**RULE 26.1 DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure and D.C. Circuit Rule 26.1, movant-intervenors American Lung Association, Center for Biological Diversity, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, Environmental Defense Fund, Natural Resources Defense Council, Ohio Environmental Council, and Sierra Club state that they are not-for-profit non-governmental organizations whose missions include protection of public health and the environment and conservation of natural resources. None of the organizations has any outstanding shares or debt securities in the hands of the public, or any parent, subsidiary, or affiliate that has issued shares or debt securities to the public.

Respectfully submitted,

/s/ Benjamin Longstreth (by consent)

Sean H. Donahue
Donahue & Goldberg, LLP
1130 Connecticut Avenue NW,
Suite 950
Washington, D.C. 20036
(202) 277-7085
sean@donahuegoldberg.com
*Counsel for Environmental Defense Fund*

Benjamin Longstreth
David Doniger
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 513-6256
ddoniger@nrdc.org
blongstreth@nrdc.org
*Counsel for Natural Resources Defense Council*

Tomás Carbonell
Vickie Patton
Martha Roberts
Peter Zalzal
Environmental Defense Fund
1875 Connecticut Avenue NW,
Suite 600
Washington, D.C. 20009
(202) 572-3610
tcarbonell@edf.org
vpatton@edf.org
mroberts@edf.org
pzalzal@edf.org
*Counsel for Environmental Defense Fund*

Joanne Spalding
Andres Restrepo
Alejandra Núñez
Sierra Club
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5725
joanne.spalding@sierraclub.org
andres.restrepo@sierraclub.org
alejandra.nunez@sierraclub.org
*Counsel for Sierra Club*

Ann Brewster Weeks
James P. Duffy
Clean Air Task Force
18 Tremont Street, Suite 530
Boston, MA 02108
(617) 624-0234, ext. 156
aweeks@catf.us
jduffy@catf.us
*Counsel for American Lung Association,*

Howard I. Fox
David S. Baron
Timothy D. Ballo
Earthjustice
1625 Massachusetts Avenue NW,
Suite 702
Washington, DC 20036
(202) 667-4500
hfox@earthjustice.org

*Clean Air Council, Clean Wisconsin, Conservation Law Foundation, and Ohio Environmental Council*

dbaron@earthjustice.org
tballo@earthjustice.org
*Counsel for Sierra Club*

Vera P. Pardee
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 632-5317
vpardee@biologicaldiversity.org
*Counsel for Center for Biological Diversity*

Dated: October 27, 2015