ORAL ARGUMENT REMOVED FROM CALENDAR

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF NORTH DAKOTA, ET AL., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | No. 15-1381 (and |
| ) | consolidated cases) |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY, ET AL., ) | |
| ) | |
| Respondents. ) | |
| ) | |

# EPA'S STATUS REPORT

Pursuant to this Court's orders of August 10, 2017, and January 28, 2019, Respondents United States Environmental Protection Agency, et al. ("EPA"), hereby provide the Court with this 90-day status report.

1.  These cases involve numerous consolidated petitions for judicial review of an EPA rule promulgated under section 111(b) of the Clean Air Act, 42 U.S.C. § 7411(b), entitled "Standards of Performance for Greenhouse Gas Emissions from New, Modified, and Reconstructed Stationary Sources: Electric Utility Generating Units; Final Rule," 80 Fed. Reg. 64,510 (Oct. 23, 2015), as well as a subsequent EPA action denying administrative petitions for reconsideration, "Reconsideration of Standards of Performance for Greenhouse Gas Emissions

1

from New, Modified, and Reconstructed Stationary Sources: Electric Utility Generating Units," 81 Fed. Reg. 27,442 (May 6, 2016) (collectively, "the Rule" or "the 2015 Standards of Performance Rule").  Merits briefing concerning the judicial challenges to both EPA actions was completed on February 6, 2017, and the case was scheduled for oral argument on April 17, 2017.  See, e.g., ECF No. 1667709.  The oral argument was later removed from the calendar.  ECF No. 1668612 (Order of March 30, 2017).

    2.    On March 28, 2017, in accordance with an Executive Order issued the same day directing the Administrator of EPA to review the 2015 Standards of Performance Rule for consistency with energy and other policies set forth in the Order, see Executive Order, "Promoting Energy Independence and Economic Growth," § 1(c), 4, 82 Fed. Reg. 16,093 (Mar. 28, 2017), the EPA Administrator signed a Federal Register notice, announcing EPA's review of the Rule.  "Review of the Clean Power Plan," 82 Fed. Reg. 16,329, 16,330 (Apr. 4, 2017).  The notice explained that if EPA's review "concludes that suspension, revision or rescission of [the Rule] may be appropriate, EPA's review will be followed by a rulemaking process…." Id.

    3.    Based on these significant developments, EPA filed a motion on March 28, 2017, to hold these cases in abeyance pending completion of EPA's review and any resulting forthcoming rulemaking.  ECF No. 1668276.  On August

10, 2017, after consideration of that motion and supplemental briefing, see ECF No. 1675253, this Court ordered that the petitions be held in abeyance pending further order of the Court, and directed EPA to file status reports at 90-day intervals, beginning October 27, 2017. ECF No. 1688176.

4. On December 6, 2018, EPA signed a proposed rule to amend the 2015 Standards of Performance Rule. Notice of this proposed rule was published in the Federal Register on December 20, 2018. 83 Fed. Reg. 65,424 (Dec. 20, 2018) ("the 2018 Proposed Rule").

5. On January 7, 2021, EPA signed a final rule addressing some aspects of the 2015 Standards of Performance Rule. 86 Fed. Reg. 2,542 (Jan. 13, 2021) ("the 2021 Significant Contribution Rule"). Specifically, EPA finalized criteria for determining whether emissions of greenhouse gases from any particular source category "contribute significantly" to harmful air pollution and so must be regulated under section 111(b), and EPA finalized a new determination that under these criteria, electric generating units "contribute significantly" to harmful air pollution. EPA did not take final action on the subjects proposed in the 2018 Proposed Rule, including the proposal to relax the stringency of the standards of performance promulgated in the 2015 Standards of Performance Rule for coal-fired electric generating units.

3

6. On January 15, 2021, EPA filed its 90-day status report with this Court, and stated that it did not expect further action on the 2018 Proposed Rule until after President Joseph R. Biden, Jr., took office on January 20, 2021. EPA requested that this case remain in abeyance pending a determination by the Biden Administration as to the appropriate action or actions to be taken with regards to the 2015 Standards of Performance Rule and the 2018 Proposed Rule.

7. On January 20, 2021, a week after the 2021 Significant Contribution Rule was published in the Federal Register, President Biden signed Executive Order 13990 on "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021). The Executive Order, along with a list of agency actions accompanying the Executive Order, specifically directs EPA to "review and, as appropriate and consistent with applicable law, take action to address" the Significant Contribution Rule and other actions to the extent they conflict with the Executive Order's stated policies of, among other things, improving public health, protecting the environment, and reducing greenhouse gas emissions. Id.; "Fact Sheet: List of Agency Actions for Review," at "U.S. Environmental Protection Agency" § 3, https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/.

8. Three petitions to review the 2021 Significant Contribution Rule were subsequently filed in this Court. ECF Nos. 1882119, 1882177, and 1885646.

9. On March 17, 2021, EPA filed an unopposed motion for voluntary vacatur and remand of the 2021 Significant Contribution Rule. ECF No. 1890321. EPA acknowledged that it failed to provide any public notice or opportunity for comment on the central elements of the 2021 Significant Contribution Rule, rendering it unlawful, and added that vacatur was warranted because the procedural defect was clear and EPA did not intend to cure the defect through additional rulemaking. Id. at 1-2. On April 5, 2021, this Court issued an Order vacating and remanding the 2021 Significant Contribution Rule. ECF No. 1893155.

10. EPA is presently reviewing all other aspects of the 2018 Proposed Rule, including the proposal to relax the stringency of the standards of performance for coal-fired electric generating units in the 2015 Standards of Performance Rule, in light of Executive Order 13990.

11. On May 23, 2023, EPA published a notice of proposed rulemaking that included revised new source performance standards for greenhouse gases from new, modified, and reconstructed fossil fuel-fired stationary combustion turbine electric generating units, as well as for fossil fuel-fired steam generating electric generating units that undertake a large modification. 88 Fed. Reg. 33240 (May 23, 2023) ("2023 Proposed Rule"). This rulemaking proposes to amend

5

some, but not all, of the new source performance standards promulgated in the 2015 Standards of Performance Rule.  Specifically, the 2023 Proposed Rule does not propose to amend the 2015 new source performance standards for coal-fired electric generating units, which were the subject of the 2018 Proposed Rule.

12.  Both the EPA's ongoing review of the 2018 Proposed Rule and the 2023 Proposed Rule may affect the disposition of these petitions challenging the underlying 2015 Standards of Performance Rule.  EPA therefore respectfully requests that this case remain in abeyance pending its completion of these processes.

Respectfully submitted,

DATED: January 2, 2024

/s/ *Chloe H. Kolman*
BRIAN H. LYNK
CHLOE H. KOLMAN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone:  (202) 514-9277
Email:  chloe.kolman@usdoj.gov

Of Counsel:

Nora Greenglass
United States Environmental
    Protection Agency
Office of General Counsel
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Status Report have been served through the Court's CM/ECF system on all registered counsel this 2nd day of January, 2024.

                                                /s/ *Chloe H. Kolman*
                                                CHLOE H. KOLMAN